**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL REVIEW INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DOMESTIC POLICY COUNCIL,**<br><br>**Defendant.** | ) | **Case No. 26-cv-01109 (APM)** |

**MEMORANDUM OPINION**

This case involves a discrete question: Is Defendant Domestic Policy Council ("Council") an "agency" for purposes of the Freedom of Information Act (FOIA)? If it is, it must disclose records consistent with FOIA. If not, the Council has no such obligation. The answer is straightforward: because the Council is part of the White House Office, it is not an "agency" for purposes of FOIA. It therefore was not required to respond to Plaintiff's National Review, Inc.'s FOIA request. *See* Compl., ECF No. 1, ¶ 1.

FOIA subjects only "agenc[ies]" to its disclosure requirements. 5 U.S.C. § 552(a). The Supreme Court in *Kissinger v. Reporters Committee for Freedom of the Press* defined who within the Executive Branch does *not* qualify as an "agency" employee. 445 U.S. 136 (1980). Looking to FOIA's legislative history, the Supreme Court held that Congress did not intend for the term "agency" to include "'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President.'" *Id.* at 156 (quoting H.R. REP. NO. 93-1380, at 14 (1974) (Conf. Rep.)).

Since *Kissinger*, the D.C. Circuit has understood the "President's immediate personal staff" to include those who work within the White House Office. In *Meyer v. Bush*, the court recognized that the President's "immediate personal staff" is not subject to FOIA "without requiring a careful examination of [their] function." 981 F.2d 1288, 1293 (D.C. Cir. 1993). The court went on to say: "[t]he President's personal staff, we assume, would encompass at least those . . . individuals employed in the White House Office." *Id.* at 1293 n.3. The Circuit reaffirmed that understanding decades later in *Judicial Watch, Inc. v. United States Secret Service*, 726 F.3d 208 (D.C. Cir. 2013). Citing *Meyer*, the court observed that, "[i]n the years since the *Kissinger* case, this circuit has applied *Kissinger*'s understanding of the scope of the term 'agency' to find individuals employed in . . . 'the White House Office' . . . are among those whose documents are excluded from FOIA." *Id.* at 225 (citing *Meyer*, 981 F.3d at 1293 n.3).

Following these precedents, courts in this District have recognized that components of the White House Office are not subject to FOIA. *See, e.g., Democracy Forward Found. v. White House Off. of Am. Innovation*, 356 F. Supp. 3d 61, 65 (D.D.C. 2019) (holding that the then Office of American Innovation (OAI) was not subject to FOIA because it was within the White House Office, and finding "that D.C. Circuit precedent provides no support for Plaintiffs' argument" that "inclusion of the OAI within the White House Office does not categorically preclude the OAI from being an agency subject to FOIA"); *Am. Oversight v. Biden*, No. 20-cv-716 (RJL), 2021 WL 4355576, at *6 n.7 (D.D.C. Sept. 24, 2021) (same under the Administrative Procedure Act) (citing *Democracy Forward Found.*, 356 F. Supp. 3d at 66); *see also Sculimbrene v. Reno*, 158 F. Supp. 2d 26, 29 (D.D.C. 2001) ("[T]he Supreme Court has held that the FOIA definition of 'agency' does not include the 'Office of the President,' also known as the White House Office.").

Plaintiff does not dispute that the Council resides within the White House Office. *See* Compl. ¶ 8 (alleging that the Council is "part of the White House Office of Domestic Policy"); Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 15 [hereinafter Pl.'s Opp'n], at 5. It nevertheless contends that, because the Council falls within the broader umbrella of the Executive Office of the President (EOP), the court must apply the D.C. Circuit's "functional" test to determine whether it qualifies as an "agency." Pl.'s Opp'n at 5–7. Under that test, courts ask whether the EOP unit "wield[s] substantial authority independently of the President." *Citizens for Resp. & Ethics in Wash. v. Off. of Admin.*, 566 F.3d 219, 222 (D.C. Cir. 2009) (internal quotation marks omitted). But the D.C. Circuit already has held that no such inquiry is required for White House Office components. In *Meyer*, the court identified persons employed by the White House Office as members of the President's "immediate personal staff" who require no "careful examination of [their] function." 981 F.2d at 1293 & n.3. The court noted, however, that "the sole function test must be applied to *other* units in the Executive Office of the President." *Id.* at 1293 n.3. This court therefore need not take up Plaintiff's invitation to examine the Council's function to hold that it is not subject to FOIA.[1]

[1] Even if the court were to do so, the court believes that the Council does not wield substantial authority independent of the President for largely the same reasons articulated by the court in *Democracy Forward Foundation*. *See* 356 F. Supp. 3d at 66–73. The examples Plaintiff offers to support the Council's independence, *see* Compl. ¶¶ 26–30, fall far short of the type of exercise of authority that the D.C. Circuit has found warrants treating an EOP unit as an "agency." *See Democracy Forward Found.*, 356 F. Supp. 3d at 72–73 (discussing Circuit cases); *cf. Citizens for Resp. & Ethics in Wash. v. U.S. DOGE Serv.*, 769 F. Supp. 3d 8, 26 (D.D.C. 2025) (finding that the Department of Governmental Efficiency (DOGE) is an "agency for the purposes of FOIA" at the preliminary injunction stage).

For the foregoing reasons, Defendant Domestic Policy Council's Rule 12(b)(6) Motion to Dismiss, ECF No. 9, is granted. The complaint and this action are hereby dismissed. A separate, final order accompanies this Memorandum Opinion.

Dated: November 17, 2026

Amit P. Mehta
United States District Judge